McI'aelakd, J.,
delivered the opinion of the court:
In the taxation of costs several items are controverted between the attorney-general and the clerk.
1. Is the fee allowed the clerk for taking recognizance of record of the defendant in a criminal case, costs accruing on behalf of the state or on behalf of defendant?
It is within the recollection of some members of the court that we have decided this to be the state’s costs, and we now so hold. [See notes under subsec. 4 of sec. 6398 of the Code.]
2. Is the order overruling a motion for a new trial costs of the state or of the defendant?
We think this is defendant’s costs. [See Code, sec. 6388, subsec. 10, and note 7.]
3. Code, sec. 4551 [Shannon’s Code, sec. 6388], sub-sec. 2, allows for entering security twenty-five cents. Under this the clerk of this court charges the fee for entering, the name of the security on the back of the transcript and on the trial docket, while the attorney-general insists that this only applies when a person comes into court and *345 acknowledges bimself security for costs, or tie like, and tbe same is entered of record.'
Tbis item will not be allowed.
4. What fees are the clerks entitled to for docketing a cause when the cause is not finally disposed of, and is entered upon the docket for successive terms?
In Nunnelly v. Smith [reported in 4 Bax., 310] this court held that the fee of ten cents allowed clerks and masters for entering cases on the trial docket authorized a charge of ten cents for entering the cause on each of the three dockets usually kept — that is, one docket for the court, one for the bar, a.nd one for the clerk. Although no positive provision of law is to be found requiring these three dockets to be kept, yet they were necessary, and the court have the power to- require such dockets to be kept, and the clerk could charge thirty cents for entering the cause on three trial dockets, but could only charge for this service once, unless for some -reason the cause be remanded to the appearance docket, and then again placed on the trial docket, and then fee could be charged. The clerk of the supreme court is allowed, for docketing causes upon the judge’s docket, ten cents. This entitles the clerk to the fees for each judge’s docket, and, inasmuch as we know that it is necessary that new dockets be made for each term, and that, unlike dockets in the inferior courts, the old ones do not answer the purpose, we hold that where, in point of fact, new dockets are made out, and a cause remanded, undisposed of at a former term, is again placed upon'the new dockets, the clerk shall be allowed the same fees therefor. This court has the- power to require the dockets to be .kept, or to- make such orders as are essential to the transaction of business. [See Code, sec. 6388, subsec. 10, and notes; sec. 5850, subsec. 2, and notes.]
5. Code, sec. 4551 [Shannon’s Code, sec. 6388], sub-sec. 18, allows “for each rule made at office and entered on *346 docket, twenty-five cents.” Under this the clerk has charged for entering upon the docket a statement of various steps taken in the cause in court, while the attorney-general insists that a rule made at office and entered upon the docket means an application made to the clerk at his office for an order or rule, and that there is no such thing as a rule in criminal cases.
This item is not allowed.
6. The clerk has charged for entering the hill of costs upon the minutes of the court, as required by sec. 5569 of the Code. [Shannon’s Code, sec. 7595.] For this he refers to sec. 4551 [Shannon’s Code, sec. 6388], subsec. 35: “For copies of any pleadings, papers, and proceedings in a cause, per one hundred words, ten cents;” also subsec. 36: “For enrolling as required by law, same fee;” also sub-sec. 39: “For a transcript of a record, same fee.” The clerk insists that entering the bill of costs upon the minutes is copying from the original entry of the bill of costs, which is on the execution docket, and in this view he is allowed to charge for it under either of the foregoing-heads, while the attorney-general insists that it is an original entry, and not covered by any allowance in the fee bill. This is allowed.
The clerk is sustained on this point, and the item allowed.
The clerk refers to secs. 3219, 3220, and 4493, 3211 [Shannon’s Code, secs. 4961, 4962, 6310, 4953]; and Williams, ex parte, 4 Ter., 579, as giving the court a large discretion. [The clerks fee for this matter was disallowed in the case of State v. Henderson, 15 Lea, 277. 278. See note under subsec. 35 of sec. 6388 of the Code.]